**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LOUIS ANDREW DI DONNA, | CIVIL NO. 3:26-CV-00310 |
| Plaintiff, | |
| v. | (Magistrate Judge Latella) |
| RAYMOND TONKIN, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Louis Andrew Di Donna commenced this action on February 9, 2026, by the filing of a Complaint along with an application to proceed *in forma pauperis* (IFP).  (Docs. 1 and 2).  The Complaint, set forth in narrative form and which challenged the reader to comprehend, alleged constitutional violations that purportedly took place between 2016 and 2023, in connection with various arrests and convictions suffered by the Plaintiff in Pike County.  (Doc. 1).  Plaintiff acknowledged in the Complaint that his constitutional claims were time barred but asserted various breach of contract claims which he believed survived the statute of limitations.  Because no viable federal claim can be discerned from the Complaint and because diversity jurisdiction does

1

not exist to entertain Plaintiff's breach of contract claims, it will be recommended that Plaintiff's time-barred civil rights claims be dismissed with prejudice and that his state law breach of contract claims be dismissed without prejudice.

## I.    Procedural History

On February 9, 2026, Louis Andrew Di Donna, then confined at the Pike County Jail, filed a *pro se* Complaint raising various constitutional claims and an ill-defined breach of contract claim. (Doc. 1). He also filed a Motion to proceed IFP. On February 13, 2026, he filed a supplement to his Complaint (Doc. 7) and a letter to the Court (Doc. 8).

Based on the information contained in Plaintiff's application to proceed IFP, his Motion was granted by Order dated April 7, 2026. (Doc. 10). Service of the Complaint, however, was held in abeyance because upon conducting the screening required under 28 U.S.C. § 1915(e)(2), several deficiencies in Plaintiff's Complaint rendering it subject to dismissal were noted. Accordingly, the Plaintiff was given an opportunity to file an amended complaint before the Court proceeded with its screening obligation. (Doc. 10). On May 22, 2026, Plaintiff filed

a letter purporting to contain a "short and plain statement of the grounds of this honorable [C]ourt[']s jurisdiction…and a short and plain statement showing that Plaintiff is entitled to relief."[1] (Doc. 13).

## II.    Applicable Standards

### A. Preliminary Screening

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to conduct a preliminary review of the Complaint. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring *sua sponte* dismissal of actions which are "(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief."). The Third Circuit has noted that "the provisions of § 1915(e) apply to all *in forma pauperis* complaints, not simply those filed by prisoners." *Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n.19 (3d Cir. 2002)).

In considering whether a complaint states a claim upon which relief can be granted, the Court employs the same standard applicable

---

[1] Plaintiff never filed an amended complaint as directed. Given that *pro se* pleadings are to be considered liberally, his other various filings have also been considered in the search of a viable claim.

to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations do not suffice. *Id.* If the case fails to state a claim, the screening may result in dismissal.

### B. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This means that a complaint may be dismissed if it does not present sufficient facts to support a plausible claim: "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

The court must accept both the plaintiff's allegations and any reasonable inferences that can be drawn as true and construe them in the light most favorable to the non-moving party. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). However, it need not accept "'unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Reciting the elements that make up a cause of action and supporting them with "mere conclusory statements" is insufficient to give those statements the presumption of truth. McNeilly v. City of Pittsburgh, 40 F. Supp. 3d 643, 650 (W.D. Pa. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When faced with a motion to dismiss pursuant to 12(b)(6), a court should conduct a two-part analysis: 1) separate the factual and legal elements of a claim; and 2) "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." Id. (internal citation removed). The court may consider facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take

judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). This analysis requires the court to look at the claims on a case-by-case basis and rely both "on its judicial experience and common sense." *McNeilly*, 40 F. Supp. 3d at 650. The court will not be reaching legal conclusions, but instead will merely determine "whether the plaintiff should be permitted to offer evidence in support of the allegations." *Id.* (citing *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000)).

## III.  Discussion

### A. The Federal Claims

Plaintiff brought his Complaint pursuant to 42 U.S.C. § 1983 alleging that he suffered wrongful incarceration and violations of "several other rights" but he acknowledges that because the statute of limitations "has run out on some of these violations," he brings "this cause action under a violation of breach of contract." (Doc. 1, p. 4). In his original Complaint, Plaintiff alleged that on June 18, 2016, an individual named Lisa Stasso-Kuiken reported "an obviously made up story" to Walter Koza of the Blooming Grove State Police resulting in

multiple felony and misdemeanor charges.[2]  (*Id.*).  He alleges that the charges remained pending for over six years during which time he would repeatedly be incarcerated, bailed and reincarcerated.  (*Id.*).  He alleges that he was incarcerated on unrelated charges in 2021 and his bail was increased because of "the false charges."  (*Id.*).  While Plaintiff avers that the statute of limitations has run on the "false charges" claim, he nevertheless attempts to bring a breach of contract claim due to the fact that his parental rights were terminated on June 7, 2022, allegedly as a result of the false charges.  He asserts that breach of contract claims have a four-year statute of limitations.  (Doc. 1, p. 4).

Plaintiff then alleged that in December, 2023, he was charged with DUI, first offense, in Pike County, "with no evidence."  (Doc. 1, p. 5).  He was charged a year later with another DUI, first offense.  (*Id.*). He alleges that he asked his public defenders to seek a change of venue because he had a federal lawsuit pending against Pike County that presented a conflict of interest.  (*Id.*).  Plaintiff claims that he was illegally convicted of second-time DUI when he should have only been

---

[2] Plaintiff made similar allegations in *Louis DiDonna v. Officer Walter Koza*, et al., 3:24-CV-1080. That matter was dismissed by the Honorable Josepeh F. Saporito, Jr. on October 10, 2024.

convicted of first-time DUI.  (*Id.*).  He claims that his charges were increased and his bail amount elevated because of his pending federal lawsuit.  (*Id.*).  He alleges that the "Pike County Public [D]efender's office that certainly is a part of [P]ike [C]ounty and should not have been legally allowed to represent the Plaintiff in his legal matter considering that the Plaintiff had filed a lawsuit against the [C]ounty after the [C]ounty had destroyed his life."  (*Id.*).

Plaintiff brings two claims: "Breach of contract due to the wrongful termination of the Plaintiff[']s parental rights as well as being provided with incompetent counsel multiple times."  (Doc. 1, p. 6).  He alleges that due to "an ongoing constitutional rights violation of [incompetent] counsel," he was subject to unlawful incarceration. (*Id.*).

In the Court's screening Order dated April 7, 2026, Plaintiff was given leave to file an amended complaint to address the deficiencies discussed in the Order.  (Doc. 10).  Instead, the Plaintiff filed a letter purporting to contain a short and plain statement of the Court's jurisdiction and why he "is entitled to relief."  (Doc. 13).  In the letter, Plaintiff reiterates many of the allegations in the Complaint but adds

that his Sixth and Fourteenth Amendment rights were violated because he received ineffective assistance of counsel from his public defenders.

i.  **Plaintiff's Claims Pursuant to 42 U.S.C. § 1983**

a. **The Statute of Limitations**

Plaintiff is correct that many of his constitutional claims are barred by the statute of limitations.  "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." *Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (citing *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).  "The date of accrual in a § 1983 action is determined by federal law.  Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Id.* (cleaned up).  In *Kimmel v. Schuylkill Co. Prison*, No. CV 3:24-0018, 2024 WL 199557, (M.D. Pa. Jan. 18, 2024), this Court reiterated that a *pro se* complaint that is required to be screened should be dismissed if it is apparent that it was brought outside of the statute of limitations.  The Court explained:

> A District Court can raise the issue of the statute of limitations *sua sponte* at the screening stage. *See Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable statute

of limitations has run."). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." The same principle applies to screening complaints under the PLRA. *See Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x. 142, 144 (3d Cir. 2017) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required."); *Paluch v. Secretary Pennsylvania Dept. of Corrections*, 442 F. App'x. 690, 694 n. 2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 2010 WL 3446879 at *4 (3d Cir. Sept.2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A"); see also *Archie v. City of Newark*, No. CIV. 12–3657 FSH, 2012 WL 2476229, at *3 (D.N.J. June 27, 2012) (dismissing complaint as time barred under sua sponte screening authority).

*Id.* at *2. Accordingly, as Plaintiff concedes, his claims regarding his 2016 arrest and subsequent incarceration, which ended in 2022, are time barred.

### b. Claims against Plaintiff's Public Defenders

Plaintiff attempts to bring claims against his public defenders in connection with his two DUI cases that appear to survive the statute of limitations. While Plaintiff fails to name any particular public defender, a flaw fatal in itself,[3] these claims are without merit because public defenders are not proper defendants in a § 1983 action. "It is well established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law." *Deangelo v. Brady*, 185 F. App'x 173, 175 (3d Cir. 2006) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). Even though attorneys employed as public defenders are paid and supervised by the state, these attorneys do not act under color of state law when they perform their roles as court-appointed counsel to indigent criminal defendants. *Owens v. Armstrong*, 171 F. Supp. 3d 316, 335 (D.N.J. 2016) (citing *Dodson*, 454 U.S. at 325, 102 S. Ct. at 453, 70 L. Ed. 2d 509 (1981)). For this reason,

---

[3] "Liability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence." *Ditzler v. Hous. Auth. of City of Nanticoke*, 171 F. Supp. 3d 363, 367 (M.D. Pa. 2016).

§ 1983 claims are not viable against public defenders, as § 1983 violations can only occur by those who act under color of state law. *See also Eyajan v. Ashtabula Cnty. Pub. Def.*, No. 23-1363, 2023 WL 6805295, at \*1 (3d Cir. Oct. 16, 2023) (affirming the district court's dismissal with prejudice on screening of a § 1983 action alleging ineffective assistance of counsel, holding "dismissal of those claims was warranted because a public defender does not act under color of state law [for § 1983 purposes] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (internal citation removed); *Pelier v. Kalinowski*, No. 3:16-CV-02095, 2017 WL 2643422 (M.D. Pa. May 15, 2017), *report and recommendation adopted*, No. 3:16-CV-02095, 2017 WL 2643260 (M.D. Pa. June 19, 2017) (dismissing a § 1983 claim against a public defender alleged to have been ineffective because public defenders are not state actors for § 1983 purposes); *Carbaugh v. Miller*, No. 3:24-CV-0736, 2024 WL 5707703, at \*2 (M.D. Pa. July 30, 2024), *report and recommendation adopted*, No. 3:24-CV-736, 2025 WL 1560162 (M.D. Pa. June 2, 2025) (same); *Smith v. Light, Esq. et al.*, No. 1:25-CV-01117 (M.D. Pa. July 28, 2025) (same).

12

Accordingly, to the extent that the Complaint raises § 1983 claims against public defenders, those claims should be dismissed. Similarly, for those reasons, to the extent that Plaintiff seeks to hold Pike County liable for the actions of its public defenders, it too cannot be held liable. The Complaint makes no allegations against the County or the Office of the Pike County Public Defender, the Complaint alleged that the various lawyers representing Plaintiff (without naming a specific lawyer) were incompetent. *See Nelson v. Dauphin Cnty. Pub. Def.*, 381 F. App'x 127, 128 (3d Cir. 2010) ("To the extent that the office of the Public Defender was named as a defendant only in relation to [Plaintiff's] allegations against [his public defender], the claims must fail.") (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) ("defendant in a civil rights action must have a personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.")).

## B. The Breach of Contract Claims

Plaintiff asserts claims for breach of contract regarding the termination of his parental rights. It also appears that he is asserting a claim of breach of contract regarding the representation that he

13

received from his public defenders.  Plaintiff is correct in asserting that "[i]n Pennsylvania, the statute of limitations for a breach of contract claim is four years." *CQ Partners, LLC v. Lake Forest Hearing Pros., LLC*, No. CV 25-6173, 2026 WL 1134869, at *2 (E.D. Pa. Apr. 27, 2026) (citing 42 Pa. Cons. Stat. § 5525).  However, Plaintiff's breach of contract claims, which arise under Pennsylvania law, are more properly brought in state court.

Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims.  28 U.S.C. § 1367(c)(3).  Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).  "That decision should be based on the values of judicial economy, convenience, fairness, and comity.  In the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *KL by & through Locker v. Dunmore Sch. Dist.*, No. 3:24-CV-01461, 2025 WL 2723547, at *13 (M.D. Pa. Sept. 24, 2025) (cleaned up); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if the federal

14

claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Brown v. Patel*, No. 3:18-CV-01242, 2019 WL 2502337, at *6 (M.D. Pa. Mar. 13, 2019), *report and recommendation adopted*, 2019 WL 3562656 (M.D. Pa. Aug. 5, 2019) (recommending that federal claims be dismissed pursuant to Rule 12(b)(6) and that remaining state law claims be dismissed without prejudice).

"Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case points toward declining to exercise jurisdiction over the remaining state law claims." *Patel*, 2019 WL 2502337, at *6. Accordingly, it is recommended that the state law claims be dismissed without prejudice.

### C. Leave to Amend

The Third Circuit has voiced a strong preference for allowing the filing of an amended complaint in cases where the original complaint is subject to dismissal. In *Montanez v. Price*, 154 F.4th 127, 153 (3d Cir. 2025), the Court instructed:

> Federal Rule of Civil Procedure 15(a)(2) directs courts to grant motions for leave to amend "when justice so

requires." So leave to amend should be liberally given unless amendment would be inequitable or futile. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *Phillips*, 515 F.3d at 245. And because courts have a special obligation to be "more forgiving of pro se litigants," *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019), this Circuit has a "longstanding policy of allowing pro se plaintiffs to amend their complaints before the court rules upon defendants' motions to dismiss," *Roman v. Jeffes*, 904 F.2d 192, 196 n.8 (3d Cir. 1990) (collecting cases).

Leave to amend in this case, however, would be futile. Most of Plaintiff's federal claims are, as he concedes, barred by the statute of limitations. Because public defenders are not considered state actors, Plaintiff's § 1983 claims are simply not viable. There is no independent basis of jurisdiction for Plaintiff's breach of contract claims, which he is free to bring in state court. Accordingly, leave to amend should not be granted.

**RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that:

1) Plaintiff's Section 1983 claims be **DISMISSED** with prejudice;

2) Plaintiff's state law breach of contract claims be **DISMISSED WITHOUT PREJUDICE** for him to bring those claims in the appropriate state court.

**Dated: June 15, 2026**          *s/ Leo A. Latella*
**LEO A. LATELLA**
**United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

LOUIS ANDREW DI DONNA,

Plaintiff,

v.

RAYMOND TONKIN, et al.,

Defendants.

CIVIL NO. 3:26-CV-00310

(Magistrate Judge Latella)

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered

the foregoing **Report and Recommendation** dated **June 15, 2026**.

Any party may obtain a review of the Report and

Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's
> proposed findings, recommendations or report
> addressing a motion or matter described in 28
> U.S.C. § 636(b)(1)(B) or making a
> recommendation for the disposition of a prisoner
> case or a habeas corpus petition within fourteen
> (14) days after being served with a copy thereof.
> Such party shall file with the clerk of court, and
> serve on the magistrate judge and all parties,
> written objections which shall specifically identify
> the portions of the proposed findings,
> recommendations or report to which objection is

made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: June 15, 2026                *s/ Leo A. Latella*
                                    LEO A. LATELLA
                                    United States Magistrate Judge

19